IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROBERT M. DAVIES,

       Plaintiff,

  v.                                       Civil Action No.
                                              5:16-CV-0852 (TJM/DEP)

CHRISTOPHER COMMUNITY, *et al.*,

       Defendants.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

ROBERT M. DAVIES, *Pro se*
2890 Warners Road
Warners, NY 13164

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Robert M. Davies has commenced this employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against his former employer, defendant Christopher Community, Inc., as well as two

individuals who are identified as the company's president and vice-president. Plaintiff's complaint and accompanying applications for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel have been forwarded to me for review. Based upon my consideration of those submissions, plaintiff's IFP application is granted, his motion for appointment of counsel is denied, and I recommend that his complaint be dismissed with leave to replead.

I. BACKGROUND

Plaintiff commenced this action on July 11, 2016. Dkt. No. 1. Plaintiff's complaint, which is prepared on a form designed for use in actions brought under Title VII, accuses defendants of unlawfully terminating his employment, exposing him to disparate employment conditions, and retaliating against him on the basis of basis of sex and/or sexual harassment. *See generally id.* The complaint, however, contains no facts supporting plaintiff's claims, and instead refers the court to attached exhibits comprised of a collection of materials of varying description, including submissions to, and determinations by, the New York State Division of Human Rights ("NYSDHR") and the United States Equal Employment Opportunity Commission ("EEOC"). *Id.*

2

It appears from a brief review of the submissions accompanying plaintiff's complaint that he filed a charge of discrimination with the NYSDHR, accusing defendant Christopher Community of discriminating against him on the basis of sex, retaliating against him for having opposed discrimination, and discrimination on the basis of the plaintiff's criminal record, all in violation of the New York Human Rights Law, N.Y. Exec. L. § 290, *et seq.* Dkt. No. 1 at 14-15. It also appears that, following an investigation, the NYSDHR issued a determination finding no probable cause to conclude that plaintiff had been discriminated or retaliated against by defendant Christopher Community. *Id.* That was followed by the issuance of a right-to-sue letter by the EEOC on May 13, 2016. *Id.* at 13.

Plaintiff's complaint in this action was accompanied by an application for leave to proceed without prepayment of fees or costs. Dkt. No. 2. In addition, plaintiff has filed a request for the appointment of *pro bono* counsel to represent him in this matter.[1] Dkt. No. 3.

---

[1] Plaintiff also submitted a form generated by the Eastern District of New York and entitled "Request to Proceed *In Forma Pauperis* in Support of the Application for the Court to Request Counsel." Dkt. No. 4. The court has considered this document in conjunction with plaintiff's IFP application, Dkt. No. 2, when determining whether plaintiff qualifies for IFP status.

II. DISCUSSION

A. Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[2] A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, plaintiff's IFP application, Dkt. No. 2, is incomplete. In particular, while plaintiff discloses that he is self-employed and receives contract work from Easy to Own Homes, he does not provide the court with information regarding his income. Dkt. No. 2 at 1. In plaintiff's IFP application submitted in support of his request for counsel, however, plaintiff refers the court to a document attached to his complaint that reveals he earned $3,678.30 from Easy to Own Homes between January 1, 2016 and April 1, 2016. Dkt. No. 1 at 23. In light of this and the additional financial information disclosed in plaintiff's IFP

---

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

application, I conclude that he meets the requirements for IFP status, and his application for leave to proceed without prepayment of fees is granted.[3]

B.  Analysis of Plaintiff's Complaint

1.  Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

---

[3]  Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

*Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis of Plaintiff's Claims

In this instance, plaintiff's complaint is devoid of factual allegations that give rise to plausible discrimination and retaliation causes of action. As an initial matter, plaintiff's claims asserted against defendants Doug Reicher and Cindy Bird, the two individual named defendants, fail because an employer's agents cannot be held individually liable under Title VII. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312-13 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus Inc. v. Ellerth*, 524 U.S. 742 (1998). Accordingly, I recommend dismissal of plaintiff's Title VII claims against those individuals on that basis.

With respect to the claims asserted against defendant Christopher Community, the allegations in the complaint do not suffice to state a claim. To allege a *prima facie* case of sex discrimination under Title VII, a plaintiff

must plead facts plausibly suggesting that (1) he was within a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009), *superseded by statute on other grounds as recognized by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108-09 (2d Cir. 2013). To state a cognizable retaliation claim under Title VII, a plaintiff must plead facts plausibly alleging that (1) he engaged in protected activity "by opposing a practice made unlawful by Title VII"; (2) his employer was aware of that protected activity; (3) he suffered an adverse employment action; and (4) "there was a causal connection between the protected activity and the adverse action." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998). In this case, the complaint's factual allegations, in their entirety, state, "See: Exhibit A and sexual harassment by Lindsay Harrington." Dkt. No. 1 at 3. The complaint then sets forth two causes of action, asserting that (1) "Christopher Community has made arbitrary decisions," and (2) "sexual harassment." *Id.* at 3-4. These allegations, even

when liberally construed, are plainly insufficient to support any cognizable cause of action.

In addition, the two exhibits to which plaintiff refers the court in his complaint do not support a claim of discrimination or retaliation under Title VII. One of the exhibits, identified as "Exhibit A," consists of a two-page document that appears to be a complaint that plaintiff drafted in connection with a defamation action filed in Onondaga County Supreme Court. Dkt. No. 1 at 7-8. The contents accuse his former manager of making "defamatory statements" regarding his work performance "after [plaintiff] threatened to turn her in for sexual harassment[.]" *Id.* at 7. Setting aside the fact that the document appears to be missing at least one page, this conclusory allegation is not sufficient to satisfy the pleading requirements under Rule 8. The other exhibit to which plaintiff refers the court is identified as "Exhibit B" and appears to be defendant Bird's response to plaintiff's NYSDHR complaint. *Id.* at 10-12. In that response, defendant Bird explained that she did not learn of plaintiff's allegations that he had been sexually harassed until after she terminated his employment. *Id.* at 11-12. She also described the several instances of misconduct by plaintiff that prompted her to make that decision. *Id.* at 10-11. By all accounts, Exhibit B does nothing to

support, and indeed undermines, plaintiff's claim of discrimination. Because plaintiff's complaint, as well as the exhibits referenced in his complaint, fail to state a Title VII discrimination claim, I recommend it be dismissed.[4]

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*,

---

[4] Plaintiff has attached several other documents to his complaint that court has not reviewed for purposes of 28 U.S.C. § 1915(e). Plaintiff cannot usurp his obligation under Rule 8 to plead facts plausibly alleging the causes of action asserted within his complaint by attaching and/or referencing exhibits. As was noted above, the purpose of Rule 8 is to give notice of the claims asserted to the defendants so they may prepare an adequate defense. *Powell*, 162 F.R.D. at 16. Asking defendants (or the court) to scour several dozens of pages of unidentified documents in search of a cognizable cause of action is manifestly unfair.

11

222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it appears plausible that, if permitted to amend, plaintiff could allege sufficient facts to support Title VII discrimination and/or retaliation claims against defendant Christopher Community. Accordingly, I recommend that leave to amend be granted with respect to that defendant. Because individual liability does not lie under Title VII, however, plaintiff should not be permitted to file an amended complaint that attempts to assert Title VII discrimination or retaliation claims against defendants Reicher and Bird.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations

12

of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

  D. <u>Motion for Appointment of Counsel</u>

Plaintiff has requested that an attorney be appointed to assist in the prosecution of his claims against the defendants. Dkt. No. 3. District courts are afforded broad, though not limitless, discretion in determining whether

13

to appoint counsel to represent indigent civil litigants. 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986). In *Hodge*, the Second Circuit noted that, when exercising that discretion, the court should first determine whether the indigent's position seems likely to be of substance. *Hodge*, 802 F.2d at 60. If this threshold requirement is satisfied,

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994).[5]

As was discussed above, the allegations in plaintiff's complaint are not sufficient at this juncture to state a cognizable cause of action.

---

[5] In deciding plaintiff's motion, I have taken into consideration this court's custom and practice, which is to ordinarily assign *pro bono* counsel to represent an indigent *pro se* litigant, upon request, at the time of trial.

14

Accordingly, there is no basis to find that his claims are potentially meritorious or that plaintiff is entitled to counsel at this juncture.[6]

In deciding whether to appoint counsel I note that, although the constitution guarantees indigent litigants "meaningful access" to the courts, it does not assure that all parties in civil actions will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60. While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

---

[6] In addition, as was noted above, after reviewing plaintiff's claims of discrimination, the NYSDHR found no basis to conclude that his rights may have been violated. This finding suggests that plaintiff may not be able to meet the requirement under *Hodge* that he show that his claims are likely of substance in order to qualify for appointed counsel.

In light of the foregoing, plaintiff's request for appointment of *pro bono* counsel is denied without prejudice to renewal in the event that an amended complaint is accepted for filing and any named defendants appear in the action.

III. SUMMARY AND RECOMMENDATION

Because it appears that plaintiff qualifies for IFP status, his motion to proceed without prepayment of the filing fees will be granted. Plaintiff's motion for appointment of counsel, however, will be denied in light of the current status of plaintiff's complaint and my determination that, at least at this juncture, plaintiff's claims are not plausibly stated.

Based upon the foregoing, it is hereby

ORDERED as follows:

(1) Plaintiff's motions for leave to proceed *in forma pauperis* (Dkt. Nos. 2, 4) are GRANTED; and

(2) Plaintiff's motion for appointment of counsel in this case to represent him *pro bono* (Dkt. No. 3) is DENIED, without prejudice; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, pursuant to 28 U.S.C. § 1915(e), based upon its failure to state a claim upon which relief may be granted with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 9, 2016
Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge